STATE, *Ex Rel.* ED JOHNSON, *et al.,* v. DAVID SHOLTZ, *et al.,* as Board of Administration, *et al.* (St. Johns County).

156 So. 331.
Opinion Filed August 4, 1934.

*Harold A. Henderson,* for Relators;

*Cary D. Landis,* Attorney General, *Robert J. Pleus,* Assistant and *W. A. MacWilliams,* for Respondents.

BUFORD, J.—The Relators, on petition, procured from this

Court an alternative writ of mandamus addressed to the Respondents, the command of which was as follows:

"Now, therefore, we being willing that full and speedy justice shall be done in the premises, do command you, David Sholtz, J. M. Lee and W. V. Knott, as and members of, and constituting the State Board of Administration, and W. V. Knott as State Treasurer and as County Treasurer, *ex officio*, and State Board of Administration of Florida, that you convene instanter as such State Board of Administration of Florida, and that you turn over and deliver to the Board of County Commissioners of Flagler County, Florida, all those Time Certificates of Deposit issued by the Bunnell State Bank, bearing interest at the rate of 2% per annum, which Time Certificates of Deposit are each and all dated May 4, 1931, and in amount aggregating the sum of $24,000.00, and which are payable to Flagler County, Florida, and which are now in your hands and in your possession, and having been delivered by the Board of County Commissioners of Flagler County, Florida, to the State Board of Administration of Florida.

"Said Time Certificates of Deposit of the Bunnell State Bank being in the following amount and maturing as follows, to-wit:

| Maturity | Amount | Maturity | Amount |
|---|---|---|---|
| May 4, 1932, | $1,276.88 | May 4, 1939, | $1,500.00 |
| May 4, 1933, | 1,000.00 | Nov. 4, 1939, | 1,500.00 |
| May 4, 1934, | 1,000.00 | May 4, 1940, | 1,500.00 |
| May 4, 1935, | 1,000.00 | May 4, 1941, | 1,500.00 |
| May 4, 1936, | 1,500.00 | Nov. 4, 1941, | 1,500.00 |
| May 4, 1937, | 1,500.00 | May 4, 1942, | 1,500.00 |
| Nov. 4, 1937, | 1,500.00 | Nov. 4, 1942, | 1,500.00 |
| May 4, 1938, | 1,500.00 | May 4, 1943, | 1,500.00 |
| Nov. 4, 1938, | 1,500.00 | Nov. 4, 1943, | 1,500.00 |

Totaling _____$25,276.88

"That you also turn over and deliver to the Board of County Commissioners of Flagler County, Florida, those Time Certificates of Deposit issued by the Bunnell State Bank under date of May 4, 1931, and payable to the order of H. E. Duttenhaver and R. W. Cody as Trustees of the Bunnell Special Road and Bridge District, and in turn indorsed and delivered by said trustees over to the Board of County Commissioners of Flagler County, Florida, and which were in turn delivered by said Board of County Commissioners of Flagler County, Florida, to respondent, the State Board of Administration of Florida, a better description of said Time Certificates of Deposit are as follows, to-wit:

"One Certificate in the sum of $10,000.00 maturing April 1, 1933;

"One Certificate in the sum of $25,000.00 maturing April 1, 1938;

"One Certificate in the sum of $25,000.00 maturing April 1, 1943;

"One Certificate in the sum of $25,000.00 maturing April 1, 1948;

"One Certificate in the sum of $25,000.00 maturing April 1, 1953;

"And, one Certificate of $25,000.00 maturing April 1, 1958, aggregating in all $135,000.00 and each and full bearing interest at the rate of 2% per annum from date.

"And that you also turn over and deliver to the Board of County Commissioners of Flagler County, Florida, all of the bonds, collateral and securities previously delivered to the State Board of Administration, and now in their hands, to secure said Time Certificates of Deposit aggregating $135,000.00 which collateral and securities are:

$40,000.00 of Flagler County 6% refunding bonds, the identical description being known to the State Board of Administration, and that each and all of said Time Certificates of Deposit aggregating $24,000.00, and also the Time Certificates of Deposit aggregating $135,000.00, together with the collateral and securities to be, by the State Board of Administration, delivered and turned over to said Board of County Commissioners of Flagler County, Florida, without delay."

Respondents, the State Board of Administration filed motion to quash the alternative writ. The Respondents, the Board of County Commissioners of St. Johns County, filed return to the writ. The return simply disclaimed any interest in the fund or in the Certificates of Deposit.

Motion was then made to this Court to issue its peremptory writ of mandamus, the return notwithstanding.

The record shows that prior to the creation of Flagler County in 1917, St. Johns County has built a road from St. Augustine via Hastings to Bunnell, known as the Brick Road. To build this road it had issued its bonds in the sum of $650,000.00. The bonds were dated May 1, 1914. For the payment of the bonds the full faith and credit of St. Johns County was pledged.

By Chapter 7399, Acts of 1917, Flagler County was created. By that Act the County Commissioners of St. Johns County and of the newly created County of Flagler were authorized to hold a joint meeting and to adjust and fix and settle Flagler County's share of the public debt of St. Johns County. This was done, with result that Flagler County assumed and agreed to pay 8.2% of this bonded debt. This agreement between the two Counties was evidenced by the Minutes of the Meeting. No bonds, or other evidence of the indebtedness, were issued by Flagler County for the payment of that debt.

In 1925 St. Johns County issued refunding bonds to take the place of the original road bonds above mentioned. There was then outstanding $427,000.00 of the original issue. When the refunding bonds were issued the original bonds were retired. Flagler County had no part in the issuing or selling of the refunding bonds. No property of Flagler County, nor any tax upon any property in Flagler County, was pledged to secure the refunding bonds.

After the creation of Flagler County taxes were levied in that county to create a fund known as the Brick Road Fund which was deposited in the Bunnell State Bank for the purpose of paying off the indebtedness of Flagler County to St. Johns County, as agreed upon between the respective Boards of County Commissioners, as above set forth. These funds were deposited to the credit of Flagler County and were never deposited to the credit of St. Johns County.

On July 19, 1933, Bunnell State Bank went into the hands of a Liquidator and at that time there was approximately $24,000.00 of the fund which had been raised by taxation to pay St. Johns County the above mentioned obligation on deposit in that bank.

In 1929 the Legislature by enactment of Chapter 14486 created the State Board of Administration. On April 28, 1931, Honorable W. V. Knott as State Treasurer, and Treasurer of the State Board of Administration, and in behalf of the State Board of Administration wrote a letter asking the Board of County Commissioners of Flagler County to turn over the amount of money on hand which Flagler County owed to St. Johns County under the agreement heretofore mentioned, and which Flagler County had collected for the purpose of paying that obligation. Thereupon the Board of County Commissioners of Flagler County adopted a resolution and turned over to the State Board of

Administration Time title Certificates of deposit then aggregating $25,276.88. It is alleged that these certificates now amount to only $24,000.00. The certificates were payable to Flagler County. There was never any security given by the bank to Flagler County for this deposit.

The question presented here is "Was this fund a sinking fund within the purview of Chapter 14486 which the State Board of Administration was authorized to administer?" The contention of the County Commissioners of Flagler County is that it was not such a fund and that it should be returned to the County Commissioners of Flagler County to be handled and administered by the Board of County Commissioners of Flagler County. We will hereafter refer to this fund as "Fund A."

Under Chapter 12732, Special Acts of 1927, there was created wholly within the confines of Flagler County the Bunnell Special Road and Bridge District. The Act authorized the issuance and sale of $150,000.00 of interest bearing bonds, the proceeds of which were to be turned over to the State Road Department to construct a highway in Flagler County from the Town of Bunnell to the Putnam County line. The Act provided that the proceeds of the bonds should be used solely for the construction of that particular road and bridges thereon and if not used for that purpose could be used by the Board of County Commissioners for road and bridge construction within the District. Section 16 of the Act authorized the State Road Department to render aid, such as it saw fit, to the District in the construction of the road proposed, and empowered the Board of County Commissioners to accept such aid. The Act required that the specification for the road, the location and the right of way should be agreed upon by and between the Board of County Commissioners of Flagler County and the State Road Department. Flagler County used about

$15,000.00 toward obtaining right-of-way, and initial costs incident to the construction of the road. The State Road Department then constructed the road, or so much of it as has been constructed. When this was done there remained in the hands of Flagler County $135,000.00 of the proceeds from the bond issue. This was placed on deposit in Bunnell State Bank. This deposit was secured by Bunnell State Bank by a pledge of $40,000.00 of Flagler County's 6% refunding bonds.

The State Road Department agreed not to call on the District for further proceeds of the $150,000.00 bond issue and thereupon Bunnell State Bank issued to the depositors, the Bond Trustees of Bunnell Special Road and Bridge District certain Time Certificates of deposit aggregating $135,000.00 which bore interest at the rate of 2% per annum. At the same time that demand was made by the State Board of Administration for that other fund above mentioned, Honorable W. V. Knott also made demand upon the Board of County Commissioners of Flagler County to turn these funds, that is the $40,000.00 in Flagler County 6% bonds and the $135,000.00 in Time Certificates, over to State Board of Administration. The Bond Trustees of Bunnell Special Road and Bridge District endorsed the Certificates over to the Board of County Commissioners, who in turn delivered the Time Warrants aggregating $135,-000.00 to the State Board of Administration, together with the $40,000.00 of Flagler County's 6% which had been delivered to secure the deposit. This we shall hereafter refer to as Fund "B."

After all this transpired Bunnell State Bank became insolvent and on the 19th day of July, 1933, M. A. Smith was appointed Liquidator of said Bank.

Thereafter the Board of County Commissioners of Flag-

ler County made demand on the State Board of Administration to return Funds "A" and "B," the contention being that neither of these funds were required by law to be turned over to the State Board of Administration under the provisions of Chapter 14486, Acts of 1929, and that the State Board of Administration has no legal right to administer such funds.

The only question for our determination is whether or not these funds were such as to come within the purview of Chapter 14486, *supra.*

The funds required to be paid over by bond trustees, or other officials charged by law with the administration of sinking funds, are designated in Section 3 of Chapter 14486, *supra.*

Neither of the funds involved in this suit comes within the purview of that section.

Fund "A" was a fund derived from taxation, not for the payment of bonds but for the payment of an obligation due from the County of Flagler to the County of St. Johns arrived at by an agreement between the respective Boards of County Commissioners of the two counties under authority conferred by the Act which created Flagler County. Flagler County, as such, was never obligated to pay any of the bonds issued by St. Johns County for the purpose of building the road known as the Brick Road from St. Augustine via Hastings to Bunnell. The refunding bonds later issued by St. Johns County for the purpose of retiring the original bonds constituted the obligation of St. Johns County and were in nowise the obligation of Flagler County. Therefore, it is clear that this Fund "A" should be returned to the County Commissioners of Flagler County.

Fund "B" is not a sinking fund derived from the levy and collection of taxes to pay bonds, but is a fund derived from the sale of bonds which were issued under the provisions

of Chapter 13732, Special Acts of the Legislature of 1929. Section 9 of that Act provides:

"Sec. 9. That should there remain any of the proceeds of the sale of said Special Road and Bridge Bonds, after paying for the construction of the improvements for which said bonds were issued, such surplus shall be held by the Bond Trustees of Bunnell Special Road and Bridge District and be paid out by them upon the order of the Board of County Commissioners of Flagler County, Florida, for the repair, maintenance or improvement of the roads and bridges hereinbefore described, or for the construction of such other roads and bridges not hereinbefore provided for, as said Board of County Commissioners of Flagler County, Florida, may in its discretion deem it expedient to construct."

It, therefore, appears that this fund was a fund in the hands of the Bond Trustees of Bunnell Special Road and Bridge District subject to be paid out by the Board of County Commissioners for the repairs, maintenance or improvements of the roads and bridges described in the Act, or for the construction of such other roads and bridges not therein provided for, but which the Board of County Commissioners of Flagler County may in its discretion deem it expedient to construct.

Therefore, it follows that the motion to quash should be overruled with leave to the Respondents, the State Board of Administration, to file answer or return, should it be advised to do so. If no further answer or return shall be filed within ten days from the entry of this order, peremptory writ shall issue.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.